IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02541-GPG

DANNY E. MATTHEWS,

    Applicant,

v.

WARDEN M.A. STANCIL, and
LAWRENCE G. WASDEN, The Attorney General of the State of Idaho,

    Respondents.

## ORDER TRANSFERRING CASE

    Applicant, Danny E. Matthews, is a prisoner in the custody of the United States Bureau of Prisons (BOP), currently incarcerated at the Federal Correctional Institution in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). He has paid the filing fee. (ECF No. 12).

    Applicant has filed this action to challenge a detainer placed against him by the State of Idaho. He seeks cancellation of the charges against him for failure to prosecute. For the reasons stated below, this action will be transferred to the United States District Court for the District of Idaho.

    A prisoner who is incarcerated in one state and seeking to challenge a detainer lodged by another state is normally raised in a habeas corpus action filed pursuant to 28 U.S.C. § 2241. *See e.g., Galaviz-Medina v. Wooten*, 27 F.3d 487, 488 (10th Cir. 1994);

*Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004).  Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions."  The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973).  The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]."  28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement."  *Id.* at 438.  Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"  *Id.*  For example, the prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction but he was challenging a detainer lodged against him in Kentucky state court.  *See Braden*, 410 U.S. at 486-87.  The Supreme Court held in *Braden* that

the court issuing the writ, rather than the Alabama warden, was the proper respondent because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.* at 494-95.  The Supreme Court's conclusion was supported in part by traditional venue considerations because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94.

As noted above, Applicant is currently serving a federal sentence in Colorado. *See* ECF No. 1.  However, as he is challenging a detainer issued by another state, the proper forum for his habeas challenge is the district that is the source of the detainer. *Braden*, 410 U.S. at 494-500.  Therefore, this case will be transferred to the United States District Court for the District of Idaho.

Accordingly, it is

ORDERED that the Clerk of the Court transfer this action to the United States District Court for the District of Idaho.

DATED at Denver, Colorado, this   3rd   day of   December  , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court